UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHYAMSUNDER KAMBHAMETTU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-1384 |
| | ) | |
| TECH MAHINDRA (AMERICAS), INC., | ) | JURY TRIAL DEMANDED |
| | ) | BY PLAINTIFF |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that defendant Tech Mahindra (Americas), Inc. ("defendant" or "TMA"), by and through its counsel of record, hereby gives Notice of Removal this Court from the Circuit Court of St. Charles County, Missouri pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1446. TMA removes this case on grounds of federal question and diversity jurisdiction. In support of its Notice of Removal, TMA states as follows:

**I.      The State Court Action**

1.      Plaintiff Shyamsunder Kambhamettu ("plaintiff") commenced this action by filing his Complaint in the case styled *Shyamsunder Kambhamettu v. Tech Mahindra (Americas, Inc.)*, Case No. 2211-CC01022, on November 9, 2022, in the Circuit Court of St. Charles County, Missouri ("Complaint").

2.      Plaintiff served TMA on or about December 1, 2022, making any responsive pleading or notice of removal due within thirty days, or on December 31, 2022. (Declaration of Anitha Ramesh, filed herewith, ¶ 3.)

3.      In his complaint, plaintiff alleges six causes of action, including breach of contract, unjust enrichment, breach of fiduciary duty, and disability, age, and Family Medical Leave Act ("FMLA") discrimination and retaliation. (*Id.*)

4876-0573-6001

4.     In connection with his allegations, plaintiff seeks the following monetary relief: (a) back pay, (b) front pay, (c) equitable relief, (d) liquidated damages, (e) prejudgment interest, (f) emotional distress damages, (g) punitive damages, (h) tax-associated liabilities, and (i) attorneys' fees and costs. (*See e.g.*, ¶¶ 66, 75, 89.) Plaintiff concedes that this amount is in excess of $25,000, but does not provide an estimate of just how much he seeks. (*Id.*)

5.     Plaintiff admits he resides in St. Louis County, Missouri. (*Id.* at ¶ 1.) He also concedes TMA is a foreign corporation. (*Id.* at ¶ 2.) TMA does not have its principal place of business in Missouri. Rather, its corporate headquarters in North America are located in Plano, TX. (Anitha Ramesh Declaration, ¶ 2.)

## II.     Removal Is Proper

### A.     Legal Standard

6.     District courts have original jurisdiction over actions "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. An action "arises" under federal law when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). Thus, if the complaint contains a "federally created claim for relief," there is "no serious debate that [this] is generally a sufficient conditional for federal-question jurisdiction." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 377 (2012) (internal quotations omitted. Further, there is no amount-in-controversy or diversity requirements under federal question jurisdiction. *Id.*

7.     If a district court has federal questions jurisdiction over a complaint that also contains state law claims, the district court may exercise supplemental jurisdiction over those state law claims that are part of the same "case or controversy" as the federal claims. 28 U.S.C. § 1367(a). The "same case or controversy" requirement means the federal and state law claims must share a common nucleus of operative facts, such that the plaintiff would be expected to litigate the

2

claims together in the same proceeding. *ABF Freight Sys., Inc. v. Int'l Bhd. Of Teamsters*, 645 F.3d 954, 963 (8th Cir. 2011).

8.      District courts also have original jurisdiction over matters between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). With respect to the amount-in-controversy requirement, defendants must establish "not whether the damages sought are greater than the requisite amount, but whether a fact find[er] might legally conclude that they are." *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019) (internal citations omitted). Furthermore, when calculating the amount-in-controversy requirement "[t]here is little doubt that attorneys' fees themselves" must be considered. *Reinbold v. AGCO Corp.*, Case No. 4:21-cv-01154, 2021 U.S. Dist. LEXIS 219031, at *4-5 (E.D. Mo. Nov. 12, 2021). Importantly, the attorneys' fees that must be considered are not just those generated up until the filing of the complaint. Instead, courts in the 8th Circuit consider attorneys' fees through the end of the case, including trial. *Id.*; *see also Embry v. T. Marzetti Co.*, Case No. 4:19-CV-02785, 2020 U.S. Dist. LEXIS 162334, 2020 WL 5291933, at *2 (E.D. Mo. Sept. 4, 2020).

9.      Finally, removal must be timely, meaning that the notice of removal must be filed no later than "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" 28 U.S.C. § 1446.

**B.      This Case Satisfies All the Elements for Removal**

10.      **Timing:** Plaintiff filed his complaint with this court on November 9, 2022 and served TMA on or about December 1, 2022. TMA has thus filed this Notice of Removal within the requisite 30 days.

3

4876-0573-6001

11.    **Federal Question & Supplemental Jurisdiction:** Plaintiff has asserted a claim for relief under the FMLA. (Complaint, p. 8, Count I.) Accordingly, federal question jurisdiction exists over that claim.

12.    Further, this Court may exercise supplemental jurisdiction over plaintiff's state law claims, as these also arise from the same set of operative facts. In particular, plaintiff argues that TMA failed to accommodate his medical condition and, instead, terminated him because of it. (Complaint, ¶¶ 13-41.)

13.    **Diversity Jurisdiction:** Alternatively, diversity jurisdiction also exists. Plaintiff "resides in" Missouri. *See Reece v. Bank of New York Mellon*, 760 F.3d 771, 778 (8th Cir. 2014) (dictum) (distinguishing "reside in" from the more ambiguous "resident," because "one may reside in, and thus be a citizen of, only one state . . . [but] may be a resident of multiple states"). By contrast, TMA is a foreign corporation and its principal place of business is outside Missouri.

14.    Finally, the amount-in-controversy requirement is easily met. At the outset, plaintiff already concedes that he is requesting no less than $25,000 in monetary damages. Further, he requests various forms of relief that individually or combined easily exceed the remaining $50,000 needed to meet the jurisdictional limit. For instance, a recent verdict in the case *David Ude v. The Boeing Co.*, 17SL-CC2353, 2021 Dolan Media Jury Verdicts LEXIS 294, awarded a plaintiff in an age discrimination case a total of $700,000, $333,000 of which were allocated to economic losses and emotional distress damages. Similarly, in *D.A. Miller v. American Family Mutual Insurance and John Bosman*, 1416-CV02573, 2016 Jury Verdicts LEXIS 10222, the jury awarded the plaintiff in an age discrimination case a total of $20.45 million, of which $450,000 was allocated to loss of earnings and $20 million to punitive damages. If emotional distress, economic damages, and/or punitive damages were not enough, attorneys' fees must also be

4

4876-0573-6001

considered. A 2019 survey by Missouri Lawyers Media of billing rates for attorneys in Missouri shows that the median hourly rate is $318. That means that if plaintiff's counsel expends just 158 hours litigating this case—through discovery, dispositive motion practice, and trial—the attorneys' fees alone will exceed the remaining $50,000 to meet the amount-in-controversy.

**III.   <u>Other Procedural Requirements Are Also Satisfied</u>**

15.     Based upon the allegations in plaintiff's Complaint, the proper venue for removal of this action is to the United States District Court for the Eastern District of Missouri, Eastern Division, because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

16.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders provided to TMA in this action, and any otherwise filed by Plaintiff in the Circuit Court, are attached as **Exhibit 1** to the Declaration of Pablo Orozco and are incorporated herein by this reference.

17.     In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of St. Charles County and is being served on Plaintiff.

WHEREFORE, defendant Tech Mahindra (Americas), Inc. gives notice that the above-entitled action is removed from the Circuit Court of St. Charles County.

4876-0573-6001

Dated: December 28, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ James M. Paul*
    James M. Paul, #44232MO
    7700 Bonhomme Avenue, Suite 650
    St. Louis, MO 63105
    Phone: 314-802-3935
    Fax:  314-802-3936
    james.paul@ogletree.com

and

    NILAN JOHNSON LEWIS PA
    Joseph G. Schmitt (MN Reg. 231447), *pro hac* motion pending
    Pablo Orozco (MN Reg. 0396811), *pro hac* motion pending
    250 Marquette Avenue South, Suite 800
    Minneapolis, MN 55401
    Phone: 612-305-7500
    Fax: 612-305-7501
    jschmitt@nilanjohnson.com
    porozco@nilanjohnson.com

ATTORNEYS FOR DEFENDANT
TECH MAHINDRA (AMERICAS), INC.

6